16 F.3d 413
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Osualdo VELASQUEZ, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Audrey Ospina, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Audrey Ospina, Defendant-Appellant.
 No. 935343.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1993.
Decided Jan. 31, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.
 James Ernest Gronquist, Charlotte, NC, for appellant Ospina.
 Harold Johnson Bender, Harold J. Bender Law Office, Charlotte, NC, for appellant Velasquez.
 Robert James Conrad, Jr., Asst. U.S. Atty., Charlotte, NC, for appellee.
 Jerry W. Miller, U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 DISMISSED.
 Before ERVIN, Chief Judge, RUSSELL, Circuit Judge, and CLARKE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The principal issue in these appeals is whether the defendants, Audrey Ospina and Osualdo Velasquez, may appeal, pursuant to 18 U.S.C. Sec. 3742, the sentences imposed by the district court in connection with plea agreements entered into by each of them in which they expressly waived the right to appeal their sentences. We hold that such waivers are enforceable and dismiss these appeals.
 
 I.
 
 2
 Osualdo Velasquez and Audrey Ospina were charged with conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. On July 1, 1992, Ospina filed a plea agreement. On September 15, 1992, Velasquez filed a similar plea agreement. Under the terms of their respective plea agreements, the government agreed to recommend a five year cap for Ospina and the low end of the applicable sentencing guidelines range for Velasquez in exchange for their cooperation with the government. The government also agreed to inform the court of the nature and extent of their cooperation and to consider, in its discretion, whether or not to file a substantial assistance departure motion. The government reserved the right to delay such consideration until after sentencing if they had not finished providing assistance to the government at the time of sentencing.
 
 
 3
 Each of their plea agreements contained the following provision: "The district court shall be the sole judge as to whether defendant's assistance merits a departure and the extent of the departure, if any." Both plea agreements also contained provisions pursuant to which Velasquez and Ospina waived their rights to challenge their convictions by direct appeal or collateral attack except for claims of ineffective assistance of counsel or prosecutorial misconduct.*
 
 
 4
 Ospina's plea was accepted on July 21, 1992, and the district court found after a thorough Rule 11 inquiry that the plea was voluntarily and knowingly made. The district court judge repeatedly questioned Ospina about waiving her rights to appeal. She answered that she was aware that she was giving up her right to appeal with the entry of her plea.
 
 
 5
 Ospina was sentenced on April 8, 1993. The government informed the court of the nature of her cooperation, moved for a substantial assistance reduction, and recommended pursuant to U.S.S.G. Sec. 5K1.1 that she be sentenced to five years (60 months). After hearing from Ospina's counsel and the government, the district court judge granted the government's motion and, departing from a mandatory minimum sentence of 120 months, imposed a sentence of 84 months.
 
 
 6
 Ospina subsequently filed a Motion to Correct or Reduce Sentence Pursuant to Rule 35 and/or Appropriate Relief on April 16, 1993. The district court denied Ospina's motion, finding the extent of its departure within its discretion, and stating in its Order that it had considered the government's recommendation and its assessment of the value of Ospina's assistance, but nonetheless did not find itself bound by the government's recommendation of a 60 month sentence. On appeal, Ospina assigns error to the district court's decision not to comply with the government's recommendation.
 
 
 7
 Velasquez's plea was entered on September 2, 1992. Again, the district court, after a careful inquiry, determined that Velasquez's plea was knowingly and voluntarily made, and that he was voluntarily waiving his right to appeal his conviction and sentence. Because Velasquez apparently refused to be interviewed prior to sentencing, the government did not make a downward departure motion, and Velasquez was sentenced on March 30, 1993, to 120 months, which is the lowest point in the applicable sentencing range of 120 to 135 months. No objection was made at sentencing, nor was a motion alleging a breach of plea agreement ever filed. Nonetheless, Velasquez argues for the first time on appeal that the government breached its plea agreement by failing to debrief him prior to sentencing.
 
 II.
 
 8
 The briefs filed by Ospina and Velasquez in this appeal address only the merits of their respective sentencing claims. We do not reach these issues, however, because we agree with the government's claim that the waivers of the right to appeal their sentences that Velasquez and Ospina signed as part of their respective plea agreements prohibit the bringing of these appeals.
 
 A.
 
 9
 As this court previously held in United States v. Wiggins, 905 F.2d 51, 53 (4th Cir.1990), "a defendant who pleads guilty, and expressly waives the statutory right to raise objections to a sentence, may not then seek to appeal the very sentence which itself was part of the agreement." We recognize that a defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C.Sec. 3742(a), just as more fundamental rights such as the right to counsel and the right to a jury trial may be waived. Id. at 53. Such a waiver is effective insofar as it is the result of a knowing and intelligent decision to forego the right to appeal. United States v. Wessels, 936 F.2d 165, 167 (4th Cir.1991).
 
 
 10
 In Wiggins, the district court carefully questioned defendant Wiggins during his Rule 11 plea hearing in order to determine that Wiggins clearly understood the meaning of the waiver he was preparing to sign. Wiggins assured the court that he fully understood the implications of his decision to waive his right to appeal or challenge his sentence. He furthermore stated that he had discussed with his attorney how the Guidelines might apply to his case. 905 F.2d at 53-54. On appeal, this court found that the circumstances surrounding Wiggins' adoption of the plea agreement were sufficient to establish that his waiver of the right to appeal his sentence was a"voluntary and intelligent act." "Wiggins waived his right for the purpose of obtaining certain concessions from the government and he may not now ignore his part of the bargain." Id. at 54. But cf. United States v. Wessels, 936 F.2d 165 (4th Cir.1991) (finding that the defendant did not knowingly agree to an absolute waiver of all rights to appeal his sentencing where the transcript of the defendant's Rule 11 hearing before the district court revealed that the court did not specifically question the defendant concerning the waiver provision of the plea agreement).
 
 B.
 
 11
 Having examined the transcripts of the plea hearings in the instant cases, we find that the district court proceeded with the level of care required under Fed.R.Crim.P. 11. The district court specifically asked Velasquez and Ospina if they understood that they were waiving their right to appeal any sentence they received under the Guidelines and any right to appeal their convictions. It also asked if they were entering the plea of guilty freely and voluntarily. The district court clearly emphasized the possibility that in some circumstances the sentence imposed may be more severe or less severe than the sentence called for by the Guidelines, and that if the court did not accept the sentencing recommendation in the plea agreement, Velasquez and Ospina would still be bound by their pleas and not be allowed to withdraw them. After Velasquez and Ospina's repeated assurances that the pleas were entered into voluntarily with an understanding of the nature of the charges and the consequences, the court accepted their pleas. It is therefore clear under the rule of Wiggins that the waivers are valid and that Velasquez and Ospina knowingly waived their rights to bring this appeal. Accordingly, this appeal is
 
 
 12
 DISMISSED.
 
 
 
 *
 It is undisputed that Ospina and Velasquez voluntarily signed plea agreements that contained the following provision:
 The defendant is aware that the sentence to be imposed shall be in conformity with the Sentencing Guidelines and that a sentence imposed under the Guidelines is without parole. The defendant is further aware that the sentence has not yet been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the court has the final discretion to impose any sentence up to the statutory maximum. Nevertheless, the defendant knowingly and expressly waives the right to appeal whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742. Further, the defendant agrees not to contest either the conviction or the sentence in any postconviction proceeding, including, but not limited to, any proceeding under Title 28, United States Code, Section 2255, except with respect to claims of ineffective assistance of counsel (emphasis added).