UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4349

JUAN JACINTO NAVARRO GOMEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-97-347-WMN)

Submitted: January 5, 1999

Decided: January 27, 1999

Before WILKINS and WILLIAMS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Juan Jacinto Navarro Gomez, Appellant Pro Se. James G. Warwick,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Juan Jacinto Navarro Gomez appeals from his 120 month sentence received after he pled guilty under a plea agreement to conspiracy to distribute cocaine. On appeal, he raises three Sentencing Guidelines issues and alleges the district court should have recommended to the Bureau of Prisons that he be admitted to a drug treatment program. For the reasons that follow, we dismiss.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. See United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). To determine whether a waiver is knowing and intelligent, this court examines the background, experience, and conduct of the defendant. See id. Generally, if the district court fully questions a defendant regarding waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. See United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990).*

Here, the transcript of Gomez's Rule 11 hearing reveals that he understood the full significance of the waiver provision in his plea agreement. After reviewing the written plea agreement with counsel, Gomez signed the agreement, in which he expressly waived the right to contest his sentence in any direct appeal, except for a sentence imposed in excess of the statutory maximum or a departure from the Guideline range. Because Gomez was sentenced within his Guideline range and knowingly and voluntarily waived his right to appeal his sentence, we find he has waived his right to this appeal. Thus, we dismiss. See Wiggins, 905 F.2d at 53-54. We dispense with oral argu-

_____

*Although not issues in this appeal, waiver of appeal does not prohibit the appeal of a sentence imposed in excess of the statutory maximum, a sentence based on a constitutionally impermissible factor such as race, see United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), or proceedings conducted in violation of the Sixth Amendment right to counsel following the entry of the guilty plea. See United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994).

ment because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED