**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

CARLOS ROLANDO HERNANDEZ-HACHE,
a/k/a Carlos Rolando Hernandez,
            *Defendant-Appellant.*

No. 01-4686

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

CELSO PEGUERO, a/k/a Carlos,
            *Defendant-Appellant.*

No. 01-4687

Appeals from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-00-17-V)

Submitted: July 18, 2002

Decided: July 25, 2002

Before WIDENER, LUTTIG, and GREGORY, Circuit Judges.

No. 01-4686 dismissed and No. 01-4687 affirmed by unpublished per curiam opinion.

**COUNSEL**

Sol Z. Rosen, Washington, D.C.; Thomas A. Will, Jr., Gastonia, North Carolina, for Appellants. Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Carlos Rolando Hernandez-Hache and Celso Peguero appeal their convictions and sentences for conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999 & Supp. 2002). Peguero also appeals his conviction and sentence for possession with intent to distribute cocaine base, aiding and abetting, in violation of 18 U.S.C. § 2 (1994); 21 U.S.C.A. § 841(a)(1). Both attorneys have filed briefs in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious issues. Although advised of their right to file a pro se supplemental brief, neither Appellant has done so. Finding no reversible error, we dismiss Hernandez-Hache's appeal and affirm Peguero's conviction and sentence.

Hernandez-Hache challenges whether the magistrate judge fully complied with Fed. R. Crim. P. 11 and whether his sentence was appropriate. Hernandez-Hache signed a written plea agreement in which he agreed to waive the right to appeal his conviction or sentence, except for circumstances not applicable here. A waiver of appellate rights in a valid plea agreement is enforceable if it results from a knowing and intelligent decision to forego an appeal. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). We have reviewed the record and find that Hernandez-Hache knowingly and voluntarily pled

guilty pursuant to the written plea agreement, including the waiver of his right to appeal. We therefore dismiss on this ground.

Peguero argues his guilty plea was not knowing and voluntary due to his unfamiliarity with the English language and the court proceedings. We have reviewed the Rule 11 hearing and Peguero's statements in response to the court's inquiry, and find Peguero is bound by those statements. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Peguero also argues his counsel was ineffective. We do not find ineffective assistance of counsel conclusively appears on the face of the record and thus reject Peguero's attempt to raise this issue on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we dismiss Hernandez-Hache's appeal and affirm Peguero's conviction and sentence. We deny Peguero's counsel's motion to withdraw at this juncture. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 01-4686 - *DISMISSED*

No. 01-4687 - *AFFIRMED*