**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

PATRICIA TILLERY HILL,
            *Defendant-Appellant.*

No. 02-4812

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ROBERT EDWARD TILLERY,
            *Defendant-Appellant.*

No. 02-4822

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-01-253-BO)

Submitted: June 26, 2003

Decided: July 18, 2003

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina; Vaughan Winborne, Jr., Raleigh, North Carolina, for Appellants. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Patricia Tillery Hill and Robert Edward Tillery, mother and son, pled guilty to three counts of bank robbery, and aiding and abetting (Counts 1, 3 and 5), and one count of using, carrying, and discharging a firearm during and in relation to a crime of violence, and aiding and abetting (Count 6). Hill was sentenced to 100 months imprisonment for the bank robbery counts and to 120 months consecutively for the firearm violation. Tillery was sentenced to 220 months imprisonment for the bank robberies and to 150 months consecutively for use of the firearm.

On appeal, their attorneys have filed a joint brief under *Anders v. California*, 386 U.S. 738 (1967), alleging there are no meritorious issues for appeal but raising two issues, whether: (1) the district court properly inquired into Hill's competency to plead guilty, and (2) Tillery's waiver of his appellate rights precludes assignment of error on appeal. Hill alleges, pro se, that she had no knowledge of the firearms at issue. Tillery alleges in his pro se submissions that he received ineffective assistance of trial counsel. For the reasons that follow, we affirm in part, and dismiss in part.

We find that the district court properly inquired into Hill's competency to enter her guilty plea. Hill was evaluated for competency,

stated she was competent to enter a plea at her plea hearing, and her trial counsel concurred in the matter. On this record, we do not find that the district court failed to properly inquire about her ability to plead guilty. *See United States v. Damon*, 191 F.3d 561, 564-66 (4th Cir. 1999).

We agree with counsel, that Tillery made a knowing and intelligent decision to forego his right to appeal in his plea agreement, *United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995), and that the district court properly reviewed this waiver with Tillery at his plea hearing. *See United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991); *United States v. Wiggins*, 905 F.2d 51, 53-54 (4th Cir. 1990). Under these circumstances, we find that Tillery has waived his right to appeal his sentences and convictions except for ineffective assistance of counsel and prosecutorial misconduct. Thus, we dismiss this claim.

For the same reasons, we find that Hill has waived her right to appeal on the grounds that she did not have knowledge of the firearms involved in her convictions. Thus, we also dismiss this claim.

Finally, we find that Tillery has failed to meet the demanding burden of establishing ineffective assistance of trial counsel on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Generally, such claims should be brought, if at all, in a later collateral proceeding.

Accordingly, Hill and Tillery's convictions and sentences are affirmed. We have examined the relevant record in this case, in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. We deny Hill's motions to substitute her attorney and to reinstate the appeal. This court requires that counsel inform his or her client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*