**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DANE BRUNELL NORFORD,
*Defendant-Appellant.*

No. 03-4167

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CR-02-39-HO)

Submitted: September 30, 2003

Decided: October 9, 2003

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Camille M. Davidson, THE FULLER LAW FIRM, P.C., Charlotte, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Ethan Ainsworth Ontjes, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Dane Brunell Norford pled guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000). He was sentenced to 300 months imprisonment. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious issues for appeal, but contends on Norford's behalf that ineffective assistance of counsel and prosecutorial misconduct rendered Norford's plea involuntary and that the court erred in denying a downward departure on the basis of an over-represented criminal history. Although informed of his right to do so, Norford has not filed a pro se supplemental brief. Finding no error, we affirm.

The adequacy of a guilty plea generally is reviewed de novo. *United States v. Good*, 25 F.3d 218, 219 (4th Cir. 1994). A defendant's guilty plea must be voluntary. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A plea that was induced by improper threats or promises, *Brady v. United States*, 397 U.S. 742, 755 (1970), or brought about by ineffective assistance of counsel, *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985), is involuntary. However, declarations in open court that a plea is knowingly and voluntarily entered carry a strong presumption of veracity. *United States v. Morrow*, 914 F.2d 608, 613-14 (4th Cir. 1990). With these standards in mind, we find Norford's plea was both knowing and voluntary. To the extent that Norford alleges ineffective assistance of counsel, such claims are generally not cognizable on appeal except when the record conclusively establishes such ineffective assistance. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). A review of the record does not conclusively establish ineffective assistance of counsel; Norford's ineffective assistance claim is therefore not cognizable in this direct appeal.

Norford also claims that the district court erred in denying his motion for a downward departure pursuant to *U.S. Sentencing Guidelines Manual* § 4A1.3 (2002) on the ground that his criminal history category significantly over-represented the seriousness of his criminal history. In his plea agreement, Norford clearly waived his right to appeal his sentence, reserving only the right to appeal from an upward departure from the guideline range established at sentencing. Because Norford was sentenced within the guideline range and the district court discussed with Norford during the Fed. R. Crim. P. 11 colloquy the waiver of his right to appeal the sentence, the waiver is both valid and enforceable. *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991); *United States v. Wiggins*, 905 F.2d 51, 53-54 (4th Cir. 1990).

As required by *Anders*, we have reviewed the record for reversible error and found none. Accordingly, we affirm Norford's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*