UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 03-4356

SAMUEL HILL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, Senior District Judge.
(CR-10010)

Submitted: December 18, 2003

Decided: January 22, 2004

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**COUNSEL**

Marc Seguinot, SEGUINOT LAW FIRM, McLean, Virginia, for
Appellant. John L. Brownlee, United States Attorney, R. Andrew
Bassford, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Samuel Hill was convicted on one count each of conspiracy to distribute crack cocaine and possession of a firearm in relation to a drug trafficking offense, in violation of 21 U.S.C. § 841(a)(1) (2000), 18 U.S.C. § 924(c) (2000), respectively. The district court sentenced Hill to 120 months' imprisonment on the drug conviction, and 60 months' imprisonment on the firearm conviction, to be served consecutively, followed by 60 months of supervised release on each conviction, to run concurrently. On appeal, Hill challenges the sufficiency of the evidence to support the firearm conviction.

Hill pled guilty pursuant to a written agreement in which he stipulated to the sufficiency of the evidence to convict him of both charges. The indictment was based on a series of six controlled purchases of crack cocaine from Hill. The government proffered that it could offer the testimony of three confidential informants that Hill visibly possessed and displayed a firearm while selling them crack cocaine, and that Hill admitted ownership of drugs and a firearm recovered from his home immediately after his arrest. At his Fed. R. Crim. P. 11 hearing, Hill attested that he understood the nature of his offenses, the rights he was giving up in pleading guilty, the mandatory minimum and maximum sentences he faced, and the fact that the offenses were subject to the United States Sentencing Guidelines. Further, he responded in the affirmative to the district court's question of whether he had "in [his] possession a firearm at the time of the drugs." While trial counsel unsuccessfully argued that the absence of a firearm at the time of arrest warranted a downward departure, he did not contest the sufficiency of the evidence to support Hill's guilty plea or conviction.

In support of his challenge to the sufficiency of the evidence on the § 924(c) conviction, Hill relies on the facts that there was no firearm in his possession at the time of his arrest, the firearm found in the bureau drawer at his home was without ammunition, and while drugs were found in a bathroom, they were located several rooms away from the inoperative firearm. He asserts the government's proffer

failed to present a sufficient factual basis to support the § 924(c) charge against him and, therefore, could not support his guilty plea.

We find that Hill waived his right to appeal the sufficiency of the evidence to support the firearm conviction by virtue of his written plea agreement, *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990), and his stipulation to the government's proffer of the evidence. *United States v. Muse*, 83 F.3d 672, 679 (4th Cir. 1996). Moreover, because the sentence imposed by the district court is neither outside the applicable statutory maximum, nor is it based on a constitutionally impermissible factor, he cannot successfully challenge the waiver. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

While Hill relies on *Bousley v. United States*, 523 U.S. 614 (1998), to assert that his waiver is excused because he is actually innocent of the § 924(c) charge, his reliance is misplaced. This is not a case where the plea could be deemed involuntary because Hill was misinformed about the elements of a § 924(c) offense, nor could it be deemed unintelligent because Hill was not on notice as to the true nature of the charge against him. *Bousley*, at 618. To the contrary, Hill has failed to demonstrate that his plea was anything other than knowing and intelligent.

Accordingly, we dismiss Hill's appeal. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*