**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-4126**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MINNIE HERRING,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, District Judge. (CR-04-209-PJM)

─────────

Submitted: August 17, 2005      Decided: September 7, 2005

─────────

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

─────────

Dismissed by unpublished per curiam opinion.

─────────

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge, Maryland, for Appellant. Allen F. Loucks, United States Attorney, Stuart A. Berman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Minnie Herring appeals her sentence following a guilty plea to theft of government funds in violation of 18 U.S.C. § 641 (2000). In light of the valid appellate waiver provisions in her plea agreement, we dismiss the appeal.

Herring made a knowing and voluntary decision to forego her right to appeal in her plea agreement, see United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995), and the district court properly reviewed the waiver provisions with her at her plea hearing. See United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990). Under these circumstances, we find Herring has waived her right to appeal her sentence.

The Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), does not alter our decision. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005) ("[P]ost-plea legal changes to applicable penalties do not provide a basis for upsetting a guilty plea."); United States v. Blick, 408 F.3d 162, 169-70 (4th Cir. 2005) (holding that Booker does not render an otherwise valid appellate waiver unknowing or involuntary).

Accordingly, we dismiss the appeal. We also deny Herring's motion to remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED