**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 05-4107**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEBORAH ANN TILSON,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-03-77; CR-04-108)

───────────

Submitted: August 24, 2005          Decided: September 13, 2005

───────────

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Charles W. McKeller, Brevard, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Don D. Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Deborah Ann Tilson was convicted of one count of bank robbery and aiding and abetting bank robbery, in violation of 18 U.S.C. § 2113(a) and 2 (2000), respectively. Thereafter, Tilson pled guilty to two additional counts of the same criminal conduct. The district court sentenced Tilson to 120 months' imprisonment on each count, to be served concurrently. Tilson appeals, arguing that the district court erred in denying her Fed. R. Crim. P. 29 motion during her jury trial and that her sentence on all counts is violative of United States v. Booker, 125 S. Ct. 738 (2005). Find no reversible error, we affirm.

We review a district court's decision to deny a Rule 29 motion de novo. United States v. Ryan-Webster, 353 F.3d 353, 359 (4th Cir. 2003). Where, as here, the motion is based essentially on an insufficient evidence claim, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). We find that

- 2 -

substantial evidence supports Tilson's guilt and, accordingly, we affirm her conviction.

Citing <u>Booker</u>, Tilson challenges enhancements to her concurrent sentences based on certain offense characteristics. Because Tilson preserved this issue by raising it in the district court,[*] our review is for harmless error. <u>See</u> <u>Booker</u>, 125 S. Ct. at 769 (noting that appellate courts may apply the plain error and harmless error doctrines in determining whether resentencing is required); Fed. R. Crim. P. 52(a) (stating that an appellate court may disregard any error that does not affect substantial rights).

In her plea agreement, Tilson agreed to a comprehensive appellate waiver. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742(a) (2000), <u>see</u> <u>United States v. Wessells</u>, 936 F.2d 165 (4th Cir. 1991); <u>United States v. Wiggins</u>, 905 F.2d 51 (4th Cir. 1990), including a defendant's right to raise <u>Booker</u> issues on appeal. <u>United States v. Blick</u>, 408 F.3d 162, 170 (4th Cir. 2005). "[T]he issue ultimately is evaluated by reference to the totality of the circumstances and must depend upon the particular facts and circumstances surrounding that case." <u>Id.</u> at 169 (internal quotations and citations omitted). We find that the scope of

_____

[*]Tilson objected to the enhancements under the authority of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).

Tilson's appellate waiver forecloses her challenge to the sentences imposed pursuant to her guilty plea.

Further, we find that any error residing in Tilson's concurrent sentence pursuant to her jury conviction, while not foreclosed by the appellate waiver, does not affect Tilson's substantial rights.  See United States v. Ellis, 326 F.3d 493, 599-600 (4th Cir.) (holding that sentence exceeding statutory maximum by twenty years did not affect substantial rights because defendant received equal or longer concurrent sentences on other counts), cert. denied, 540 U.S. 907 (2003).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -