**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4737**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

TYRONE EUGENE YATES,

            Defendant – Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:06-cr-00020-JPB-JES-1)

Submitted:  February 24, 2009          Decided:  May 4, 2009

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Brendan S. Leary, Assistant Federal Public Defender, Wheeling,
West Virginia, for Appellant.  Thomas Oliver Mucklow, Assistant
United States Attorney, Martinsburg, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Eugene Yates appeals from his conviction and 188-month sentence after pleading guilty pursuant to a plea agreement to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). Yates' counsel filed an Anders brief, in which he states there are no meritorious issues for appeal, acknowledges that the district court complied with Fed. R. Crim. P. 11, and concedes that Yates' plea was "knowing, intelligent and voluntary." Yates filed a pro se supplemental brief challenging his career offender classification.

The Government has moved to dismiss the appeal based on the appellate waiver contained in Yates' plea agreement. Yates' counsel asserts that the Government's motion is premature. Yates also opposes the Government's motion in a pro se filing, essentially asserting that because he did not know he could be sentenced as a career offender, his plea was not knowing and voluntary. Yates also suggests that his counsel was ineffective for not arguing the invalidity of his sentence to this court, and for not securing an exception to his appellate waiver that would have allowed him to challenge his career offender classification on appeal. We grant the motion to dismiss in part, deny it in part, and affirm in part.

2

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). See United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). We review the validity of an appellate waiver de novo, and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Our review of the record reveals that Yates knowingly and voluntarily waived his right to appeal his sentence.

We conclude, however, that Yates' assertions that his guilty plea was involuntary and that he was denied effective assistance of counsel constitute exceptions to the appellate waiver because the issues either cannot be waived by appellate waiver or present "colorable" constitutional challenges. See, e.g., United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Attar, 38 F.3d 727, 733 n.2 (4th Cir. 1994). Moreover, Yates' appellate waiver does not preclude an appeal pertaining to his conviction. Accordingly, we deny the Government's motion to dismiss as to any claims not foreclosed by the waiver. While we possess jurisdiction to consider the excepted claims, we nonetheless find that none warrant vacatur.

As previously stated, the record confirms that the district court conducted a thorough Rule 11 hearing, ensuring that Yates' plea was knowing and voluntary in all respects.

3

Yates' belated claim that he did not understand the consequences of his plea is simply belied by the record. In addition, Yates' claim that he was denied effective assistance of counsel does not "conclusively appear" on the record and, accordingly, is not cognizable on direct appeal. Yates may assert this claim in an appropriate motion for postconviction relief. See United States v. Benton, 523 F.3d 424, 435 (4th Cir.) (citation omitted), cert. denied, 129 S. Ct. 490 (2008).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we grant the Government's motion to dismiss the appeal regarding Yates' sentence, and deny the motion as to all remaining claims. We nonetheless affirm the district court's judgment with regard to any claims not foreclosed by the waiver provision.

This court requires counsel to inform Yates, in writing, of his right to petition the Supreme Court of the United States for further review. If Yates requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Yates. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>