UNITED STATES of America,
Plaintiff–Appellee,

v.

Langford WIGGINS,
Defendant–Appellant.

No. 89–5199.

United States Court of Appeals,
Fourth Circuit.

Argued March 9, 1990.

Decided May 29, 1990.

Donn Edward Garvey, Jr. (argued), Legal Center of Anderson & Garvey, Alexandria, Va., for defendant-appellant.

William Graham Otis, Sr. Litigation Counsel, Office of the U.S. Atty. (argued), Henry E. Hudson, U.S. Atty., and Dennis M. Kennedy, Asst. U.S. Atty., Alexandria, Va. (on brief), for plaintiff-appellee.

Before SPROUSE, WILKINSON and WILKINS, Circuit Judges.

WILKINSON, Circuit Judge:

The issue is whether defendant, Langford Wiggins, may appeal, pursuant to 18 U.S.C. § 3742, the sentence imposed by the district court in connection with a plea agreement in which Wiggins expressly waived his right to appeal his sentence. We hold that the waiver is enforceable and dismiss the appeal.

I.

While incarcerated at Lorton Reformatory, Langford Wiggins was a witness to events surrounding the murder of a fellow inmate in the shower area near Wiggins' cell. On three occasions the FBI interviewed Wiggins in connection with the murder. The investigators obtained statements to the effect that Wiggins had observed a fellow prisoner, Andre Cook, run from the shower area, stop in front of Wiggins' cell, and wrap a shank (knife) in newspaper. Wiggins also identified the shank he had seen in Cook's possession in

several polaroid photographs shown to him by the FBI. However, when Wiggins was called to testify before the grand jury, he stated that he had never physically seen a shank, but had only observed Cook carrying a roll of newspaper that could have contained something the size of a shank.

Wiggins was indicted in the Eastern District of Virginia for perjury, in violation of 18 U.S.C. § 1623, and obstruction of justice, in violation of 18 U.S.C. § 1503. Pursuant to a plea bargain, Wiggins agreed to plead guilty to the obstruction charge in return for the government's dismissal of the perjury charge. The agreement, which was accepted in open court on May 23, 1989, provided, *inter alia*, that Wiggins "expressly waives the right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742."

At the plea hearing, the district court followed standard procedure under Fed.R. Crim.P. 11. It reviewed with Wiggins, in the presence of counsel, the offense charged and the provisions of the particular plea agreement. The court emphasized that the agreement was a "prediction" rather than a "promise." It reviewed the applicable sentence and the possibility of an upward or downward departure under the Federal Sentencing Guidelines. In addition, the court reminded Wiggins that by entering this guilty plea he was waiving, *inter alia*, the right to appeal his sentence. In each instance, Wiggins indicated that he understood the consequences of his plea.

The district court sentenced Wiggins to a term of twenty-four months, consecutive to his current sentence. In arriving at this result, the court rejected appellant's request for a two-level reduction in his Base Offense Level for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Wiggins appeals the court's refusal to grant the reduction, pursuant to 18 U.S.C. § 3742.

## II.

Wiggins' brief on appeal is wholly devoted to the merits of his sentencing claim. We agree with the government, however, that Wiggins may not bring this appeal because he expressly waived in his plea bargain any right he may have had to challenge his sentence.

## A.

It is well settled that a defendant may waive his right to go to trial, to confront the witnesses against him, and to claim his Fifth Amendment privilege against self-incrimination by negotiating a voluntary plea agreement with the government. Indeed, plea bargaining is now accepted as an "important component[ ] of this country's criminal justice system." *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136 (1977). *See Brady v. United States*, 397 U.S. 742, 752 n. 10, 90 S.Ct. 1463, 1471 n. 10, 25 L.Ed.2d 747 (1970) (90 to 95% of all criminal convictions involve guilty pleas).

■ A plea of guilty and resulting judgment of conviction "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). A defendant who enters a guilty plea waives the right to raise a constitutional challenge to his or her conviction, *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973), except in narrow circumstances. *See, e.g., Menna v. New York*, 423 U.S. 61, 62–63 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975) (guilty plea does not bar a challenge on double jeopardy grounds where "the claim is that the State may not convict petitioner no matter how validly his factual guilt is established"). Once "the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *Broce*, 109 S.Ct. at 762. The right of direct appeal after judgment on a plea is very limited. For example, direct review of an adverse ruling on a pre-trial motion is available only if the defendant expressly preserves that right by entering a conditional guilty plea. *See* Fed.R.Crim.P. 11(a)(2).

Wiggins' appeal, however, rests on none of these grounds. Rather, he seeks to exercise a statutory right to appeal his sentence, despite express language in his unconditional plea that purports to waive that very right.

■ It is clear that a defendant may waive in a valid plea agreement the right of appeal under 18 U.S.C. § 3742. As this court has recognized, "[i]f defendants can waive fundamental constitutional rights such as the right to counsel, or the right to a jury trial, surely they are not precluded from waiving procedural rights granted by statute." *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir.1989). Accordingly, we hold that a defendant who pleads guilty, and expressly waives the statutory right to raise objections to a sentence, may not then seek to appeal the very sentence which itself was part of the agreement. *Cf. United States v. Sheffer*, 896 F.2d 842, 847 (4th Cir.1990) (defendant not permitted to appeal the court's resolution of a dispute over government's sentencing recommendations made pursuant to a plea agreement, where he was informed that adhering to his guilty plea would constitute waiver).

### B.

■ It is undisputed that Wiggins voluntarily signed a plea agreement that contained an express waiver of his right to appeal his sentence. The agreement recited the sentence and other assessments and fines that the court could impose, and then stated that "[k]nowing these facts, defendant ... expressly waives the right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742." The agreement further provided that the court is not bound by

any estimate of the probable sentencing range that [Wiggins] may [have] receive[d] from his counsel, the government or the probation office ... Realizing the uncertainty in estimating what sentence he will ultimately receive, the defendant knowingly waives his right to appeal the sentence ... in exchange for

the concessions made by the government in this agreement.

At the plea hearing the district court proceeded with care. *See* Fed.R.Crim.P. 11. The court first summarized the major provisions of the plea agreement, including the offense charged, the applicable sentence, and the waiver of appeal. The court emphasized the possibility of an upward or downward departure from the sentencing range. When Wiggins indicated that he had not been aware that, even after the Federal Sentencing Guidelines range was calculated, the court had authority to impose a sentence that was either more or less severe, the following colloquy ensued:

Q. Now that you are aware of that, I want you to take that into account in determining whether you wish to plead guilty. What I've said to you—and I'll say it again—is there will be a guideline range determined for your case after the presentence investigation report has been completed. The Court—and you're entitled to challenge facts and conclusions, if you disagree with them, in the presentence investigation report and the Court will hold a hearing and make factual determinations. Do you understand that?

A. Yes, Your Honor.

Q. And then ultimately there will be a guideline range determined for your case. But even after that's been determined, under certain circumstances the Court can impose either a more severe or less severe sentence than the guideline range.

A. I understand what you're saying now, Your Honor.

On two separate occasions during the plea hearing, the district court reminded Wiggins that he was waiving his right to appeal his sentence even though its exact length was as yet undetermined. The court then reiterated that "if the sentence the Court imposes on you is more severe than the one you expected you will still be bound by your plea and you will have no right to withdraw it." In each instance, Wiggins affirmed that he understood he was waiving the right to appeal or chal-

**54**

lenge his sentence. During the hearing Wiggins was represented by counsel and he assured the court that he had discussed with counsel how the Federal Sentencing Guidelines might apply to his case.

We are not prepared "[t]o allow indiscriminate hearings" on issues upon which the parties have clearly agreed, and thereby "eliminate the chief virtues of the plea system—speed, economy, and finality." *Blackledge*, 431 U.S. at 71, 97 S.Ct. at 1628. The government has added the waiver language to its standard plea precisely because it preserves the finality of judgments and sentences imposed pursuant to valid pleas of guilty. In our view, such waivers should be given their proper effect.

The plea agreement and the circumstances surrounding its adoption by appellant are wholly sufficient to establish that Wiggins' waiver of the right to appeal his sentence was "a voluntary and intelligent act." *McMann v. Richardson*, 397 U.S. 759, 772, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). Wiggins waived his right for the purpose of obtaining certain concessions from the government and he may not now ignore his part of the bargain.

This appeal is, therefore,

DISMISSED.