945 F.2d 398
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven A. BURRESS, Defendant-Appellant.
 No. 90-5833.
 United States Court of Appeals, Fourth Circuit.
 Argued July 11, 1991
.
Decided Oct. 4, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-89-271)
 Argued: Christopher P. Riley, Riley & Riley, L.C., Wheeling, W.Va., for appellant; Robert H. McWilliams, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 On Brief: William W. Kolibash, United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 DISMISSED.
 Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Steven A. Burress pled guilty pursuant to a plea agreement to one count charging him with cocaine distribution in violation of 21 U.S.C. § 841(a)(1). In the plea agreement Burress agreed that if the sentencing court determines that an offense level of 26 or less under the sentencing guidelines is applicable or if the sentence is 51 months or less, "the defendant waives the right ... to appeal the sentence on any ground that it was imposed as a result of an incorrect application of the sentencing guidelines...." J.A. 13.
 
 
 2
 At sentencing the court found that offense level 24 was the one applicable and, with Burress' criminal history category of II, sentenced Burress to 65 months, which is within the applicable guideline range. The court also ordered that supervised release of Burress be subject to various conditions, including that he "make the $150 restitution" of the government's money given to him during the undercover drug "buy." When Burress' attorney observed at sentencing that the restitution statute did not encompass Title 21 drug offenses and suggested that the $150 be "forfeited," the government made no objection and the court agreed. The judgment entered in the case provided that as a condition of supervised release, Burress pay the $150 back.
 
 
 3
 On appeal Burress argues that $150 cannot be the subject of a payback order because the restitution statute is not applicable to Title 21 offenses. He also argues that the money cannot be forfeited because all of Burress' property relating to the Title 21 drug offense was seized by the government and no other forfeitable assets exist. Contending therefore that the sentence is illegal, he urges that we reverse the sentence insofar as it orders Burress to pay back the $150.
 
 
 4
 The government has moved to dismiss the appeal based on Burress' waiver of the right to appeal. It argues further that the $150 can properly be made the subject of a condition of supervised release and also that it can be forfeited, citing United States v. Conner, 752 F.2d 566 (11th Cir.), cert. denied, 474 U.S. 821 (1985).
 
 
 5
 While we understand that Burress argues that his appeal is based on his allegation that the sentence is illegal and not that it violates the sentencing guidelines, we do not agree that the issue should be so restrictively characterized. The district court expressly made the requirement that Burress pay back the $150 a condition of supervised release, and on appeal the government argues primarily that the district court's order is an appropriate condition, citing U.S.S.G. § 5D1.3. That section provides in relevant part:
 
 
 6
 (b) The court may impose other conditions of supervised release, to the extent that such conditions are reasonably related to (1) the nature and circumstances of the offense and the history and characteristics of the defendant.... 18 U.S.C. §§ 3553(a)(2) and 3583(d).
 
 
 7
 While a reading of the guideline provision would suggest that the order to pay the government $150 could properly be made a condition of supervised release, we need not decide the issue, because any issue involving the application of the sentencing guidelines has been waived in the plea agreement. See United States v. Wiggins, 905 F.2d 51 (4th Cir.1990). Accordingly, we grant the government's motion to dismiss.
 
 
 8
 DISMISSED.