19 F.3d 13
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jon Robert ZIMNICK, Defendant-Appellant.
 No. 93-5229.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1993.
Decided March 7, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge.
 Allan D. Zaleski, Weisberg and Zaleski, Norfolk, VA, for appellant.
 Kenneth E. Melson, U.S. Atty., Carol M. Marx, Special Asst. U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jon Zimnick entered a guilty plea to conspiracy to commit bank robbery in violation of 18 U.S.C. Sec. 371 (1988), armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d) (1988), and use of a firearm in the commission of a felony in violation of 18 U.S.C.A. Sec. 924(c) (West Supp.1993). On appeal Zimnick challenges his convictions.
 
 
 2
 In May 1992, two men robbed the First American Bank in Norfolk, Virginia. The getaway vehicle was identified by a witness and the license plate noted. Shortly after the robbery, police stopped an automobile matching the description given by the witness. After pulling over, however, the automobile sped away, and police pursued. A bag containing clothes matching those worn by the bank robbers was thrown from the vehicle. Eventually, the automobile was forced from the road and two of the occupants, Zimnick and his brother, Kirk, exited the vehicle carrying a briefcase and ran, exchanging gunfire with the police. Kirk was killed in the exchange, and Zimnick was injured. The briefcase contained money matching that stolen from the bank. The day after surgery for his injuries, Zimnick was questioned by police and confessed to the crimes. During the plea proceedings conducted by the district court pursuant to Federal Rule of Criminal Procedure 11, the Government relied in part upon the confession in setting forth the factual basis for the plea.
 
 
 3
 The argument underlying Zimnick's appeal is that, because he was still under the effect of anesthesia from his surgery when he gave the confession to police, it was obtained in violation of his constitutional rights. The entry of a guilty plea waives a defendant's right to "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" except in narrow circumstances not present here. Tollett v. Henderson, 411 U.S. 258, 267 (1973); see United States v. Wiggins, 905 F.2d 51, 52 (4th Cir.1990). Further, an otherwise proper and counseled guilty plea is not rendered involuntary merely because a defendant claims that his confession was inadmissible. See McMann v. Richardson, 397 U.S. 759, 766-71 (1970). Additionally, even without the confession the evidence was sufficient to provide a factual basis for Zimnick's plea. See Fed.R.Crim.P. 11(f), (h).
 
 
 4
 Accordingly, we affirm Zimnick's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED