25 F.3d 1042
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff Appellee,
v.
Dale GREENE, Defendant Appellant.
 No. 94-6073.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 21, 1994.
Decided: May 18, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-92-37-F, CA-93-578-5-F)
 Dale Greene, Appellant Pro Se.
 Jane H. Jolly, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, MICHAEL, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order denying his 28 U.S.C. Sec. 2255 (1988) motion. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* United States v. Greene, Nos. CR-92-37-F; CA-93-578-5-F (E.D.N.C. Nov. 12, 1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Even if Appellant's claim that the district court failed to consider his diminished capacity is construed as a challenge to the validity of his plea, the clause in the plea agreement waiving post-conviction challenges to the conviction or sentence is binding and precludes the present Sec. 2255 motion. Appellant's competency to plead was expressly discussed at the plea hearing. Both he and his attorney stated unequivocally that there were no impediments to his understanding of the proceedings, and that he fully understood the terms of the plea agreement itself, including the waiver provision. See United States v. Wiggins, 905 F.2d 51 (4th Cir.1990)