**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4127

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDY OLIVER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (CR-03-191-F)

Submitted:  August 27, 2004          Decided:  October 5, 2004

Before LUTTIG, KING, and GREGORY, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, P.C., Decatur, Georgia, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Randy Oliver appeals from his conviction and 188-month sentence pursuant to his guilty plea to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000).

Oliver raises a number of challenges to the district court's order denying his motion to dismiss. We review the district court's factual findings for clear error, and its legal conclusions de novo. United States v. Pasquantino, 305 F.3d 291, 294 (4th Cir. 2002). Oliver's assertions are not compelling. Oliver cannot establish the district court erred in rejecting his arguments regarding: the applicability of United States v. Caron, 524 U.S. 308, 314-16 (1998), to North Carolina's Felony Firearms Act ("NCFFA"), N.C. Gen. Stat. § 14-415.1; Oliver's alleged lack of notice regarding his rights; entrapment by estoppel, United States v. Clark, 986 F.2d 65, 69 (4th Cir. 1993); United States v. Etheridge, 932 F.2d 318, 320-21 (4th Cir. 1991); the constitutional prohibition on ex post facto laws, United States v. Farrow, 364 F.3d 551, 555 (4th Cir. 2004); and the Rule of Lenity, Caron, 524 U.S. at 316.

Oliver also contends the district court erred in sentencing him under 18 U.S.C. § 924(e)(1) (2000). Oliver, however, expressly waived his right to raise this sort of challenge to his appeal in his plea agreement, foreclosing this claim. See United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).

- 2 -

Accordingly, we affirm Oliver's conviction and dismiss his appeal insofar as he attempts to challenge his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>