**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5209**

_____


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

and

TAMMIE JEAN LESTER,

Claimant,

versus

JAMES ROBERT ESTEP,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (CR-04-56)

_____

Submitted:  August 25, 2006        Decided:  September 11, 2006

_____

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Christine Madeleine Spurell, Abingdon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Robert Estep pled guilty pursuant to a written plea agreement to one count of Social Security fraud, one count of conspiracy to commit wire fraud, and one count of conspiracy to launder money, in violation of 18 U.S.C. §§ 371, 1956(h); 42 U.S.C. § 408(a)(4) (2000). Estep was sentenced to forty-eight months' imprisonment. We grant the Government's motion to dismiss the appeal.

On appeal, Estep contends the district court erred in its application of the sentencing guidelines. The Government, however, asserts this claim is precluded by the waiver of appellate rights in Estep's plea agreement, according to which he waived his right to "appeal any sentencing guidelines factors or the Court's application of the sentencing guidelines factors to the facts of [his] case." Estep further agreed that he was "knowingly and voluntarily waiving any right to appeal sentencing guidelines factors, and [that he was] voluntarily willing to rely on the Court in sentencing [him] under the Sentencing Guidelines." Additionally, Estep waived his right to collaterally attack his conviction pursuant to 28 U.S.C. § 2255 (2000).

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2000). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Whether a defendant has effectively waived the right to appeal is an issue of law we review

de novo. <u>United States v. Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005). An appeal waiver is valid if the defendant knowingly and intelligently agreed to waive his right to appeal. <u>Id.</u> at 169. However, "[a]n appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotations omitted).

The language in the plea agreement is clear and unambiguous. At the Rule 11 hearing, it was established that Estep was fifty-six years old, had completed the twelfth grade, and could read and write. He did not have a history of mental illness or substance abuse. Estep confirmed he had not only signed the plea agreement, but had also initialed each page after reading it. He further acknowledged that he had discussed the agreement with his counsel prior to signing. The district court specifically questioned Estep regarding the appeal waiver, and Estep responded that he understood its effects. Therefore, we conclude the appeal waiver is both valid and enforceable.

Estep, however, also contends the Government breached the plea agreement when it failed to call witnesses at sentencing. He relies on that portion of the plea agreement which states: "I

- 4 -

understand that I will have an opportunity at the sentencing hearing to bring witnesses, to cross-examine the government's witnesses, and to demonstrate to the Court what an appropriate sentence would be under the Guidelines." Though Estep argues this statement created an obligation on the part of the Government to call witnesses and present evidence, we conclude that it does not. Therefore, because Estep's challenge to the district court's application of the sentencing guidelines clearly falls within the scope of the waiver, and the Government did not breach the agreement, we conclude the terms of the plea agreement should be enforced.

Accordingly, we grant the Government's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED