**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4811**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEJANDRO SOCORRO TOVAR-AVILA, a/k/a Jhonathan Calvin Mitchell,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Robert G. Doumar, Senior District Judge.  (4:06-cr-00105-RGD)

Submitted:  March 28, 2008          Decided:  June 13, 2008

Before MICHAEL and TRAXLER, Circuit Judges, and WILKINS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Keith Loren Kimball, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Scott W. Putney, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alejandro Socorro Tovar-Avila pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute and to distribute cocaine and heroin, in violation of 21 U.S.C. § 846 (2000). Tovar-Avila was sentenced to the statutory minimum of 120 months' imprisonment. We grant the Government's motion to dismiss the appeal.

On appeal, Tovar-Avila contends the district court erred in denying him application of the "safety valve" provision of U.S. Sentencing Guidelines Manual § 5C1.2(a) (2006). The Government, however, asserts this claim is precluded by the waiver of appellate rights in Tovar-Avila's plea agreement, according to which he waived "the right to appeal the conviction and any sentence within the statutory maximums . . . (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever . . . ."

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2000). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Whether a defendant has effectively waived the right to appeal is an issue of law we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

> Where, as here, the United States seeks enforcement of an appeal waiver and there is no claim that the United States breached its obligations under the plea agreement, we will enforce the waiver to preclude a defendant from

- 2 -

> appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver.

Id. (internal citations omitted). An appeal waiver is valid if the defendant knowingly and intelligently agreed to waive his right to appeal. Id. at 169. However, "[a]n appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotation marks omitted).

The language in the plea agreement is clear and unambiguous. At the Rule 11 hearing, it was established that Tovar-Avila was thirty-four years old, had completed the ninth grade, and could read and write. He did not have a history of mental illness or substance abuse. Tovar-Avila confirmed he had not only signed the plea agreement, but had also initialed each page after reading it. He further acknowledged that he had discussed the agreement with his counsel prior to signing. The district court specifically questioned Tovar-Avila regarding the appellate waiver, and Tovar-Avila responded that he understood its effects. Therefore, we conclude the appellate waiver is both valid and enforceable. Further, because Tovar-Avila's issue clearly

falls within the broad scope of the waiver, we conclude the terms of the agreement should be enforced.

Accordingly, we grant the Government's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED