**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4805**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOSE GINEZ HERNANDEZ, a/k/a Gumby,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Glen E. Conrad, District Judge.  (5:07-cr-00063-gec-jgw-15)

Submitted:  May 15, 2009                    Decided:  June 5, 2009

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Aaron L. Cook, AARON L. COOK, PC, Harrisonburg, Virginia, for Appellant.  Julia C. Dudley, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Ginez Hernandez pled guilty pursuant to a written plea agreement to conspiracy to manufacture, distribute, and possess with intent to distribute cocaine hydrochloride, cocaine base, and methamphetamine, in violation of 21 U.S.C. § 846 (2006). Hernandez was sentenced to seventy-six months' imprisonment.[*] Finding no error, we affirm.

On appeal, counsel contends that Hernandez's sentence is substantively unreasonable. The Government asserts that this court should refuse to consider the appeal based on the appeal waiver provision in Hernandez's plea agreement. Alternatively, the Government contends that the sentence imposed by the district court is reasonable.

Under the terms outlined in the plea agreement, Hernandez "agree[d] that after [his] full and fair sentencing hearing, [he would] not then appeal any sentencing guidelines factors or the Court's application of the sentencing guidelines factors to the facts of [his] case." Hernandez further agreed that he was "knowingly and voluntarily waiving any right to

_____

[*] Although Hernandez was subject to a statutory mandatory minimum of ten years, see 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2008), application of the safety-valve permitted the district court to "impose a sentence in accordance with the applicable guidelines without regard to [the] statutory minimum sentence." U.S. Sentencing Guidelines Manual § 5C1.2(a) (2007).

appeal sentencing guidelines factors" and that he was "voluntarily willing to rely on the Court in sentencing [him] under the Sentencing Guidelines."

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). "Whether a defendant has effectively waived the right to appeal is an issue of law that we review de novo." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

> Where, as here, the United States seeks enforcement of an appeal waiver and there is no claim that the United States breached its obligations under the plea agreement, we will enforce the waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver.

Id. (internal citations omitted). An appeal waiver is valid if "the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. However, "[a]n appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotation marks and citation omitted).

At the Rule 11 hearing, it was established that Hernandez was twenty-seven years old and had completed high school. Hernandez confirmed that he understood English with the aid of an interpreter. He did not have a history of mental illness and was not under the influence of any medications or controlled substances at the time of the hearing. Hernandez acknowledged that he reviewed the plea agreement with his attorney, voluntarily agreed to its terms, and signed it. The magistrate judge specifically questioned Hernandez regarding the appeal waiver, and Hernandez responded that he understood its effects. Therefore, we conclude the appeal waiver is both valid and enforceable.

However, because the appeal waiver is limited to procedural challenges, counsel's claim of substantive unreasonableness falls outside the scope of the waiver and will be considered on appeal. "Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed . . . tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall v. United States, 128 S. Ct. 586, 597 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id.

4

at 591.  Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable.  United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Counsel contends that the sentence is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006).  The district court considered multiple factors in fashioning the sentence, including Hernandez's role in the offense, the magnitude of the conspiracy, the sentences of other co-conspirators, Hernandez's need for substance abuse treatment, and the application of the safety-valve.  Moreover, Hernandez's sentence, which is within the advisory Guidelines range and below the applicable statutory minimum, may be presumed reasonable by this court.  Thus, the district court did not abuse its discretion in imposing the chosen sentence.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED