**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5080**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

KEITH DEON BROWN, a/k/a Khayr Abdurrauf Basim Ibnbrown,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.  (1:08-cr-00248-WDQ-1)

Submitted:  October 2, 2009       Decided:  October 30, 2009

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Russell Anthony Neverdon, Sr., Baltimore, Maryland, for Appellant.  Solette Allison Magnelli, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Deon Brown pled guilty pursuant to a written plea agreement to distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841 (2006). He was sentenced to 168 months' imprisonment. Brown timely appeals. We dismiss in part and affirm in part.

The Government has moved to dismiss this appeal based on the provisions of the appellate waiver contained in Brown's plea agreement. The plea agreement contains the following waiver of Brown's right to appeal:

> The Defendant and this Office [of the U.S. Attorney] knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution and any issues that relate to the establishment of the advisory guidelines range as follows: the Defendant waives any right to appeal from any sentence within or below the advisory guidelines range resulting from Criminal History Category VI and an adjusted base offense level of 34, and this Office waives any right to appeal from any sentence within or above the advisory guidelines range resulting from Criminal History Category VI and an adjusted base offense level of 34.

Brown, through counsel, opposes dismissal. He argues that the Government did not adhere to its end of the plea agreement and he did not receive effective assistance of counsel.

We first conclude that Brown has validly waived his right to appeal his sentence and its calculation. A defendant may, in a valid plea agreement, waive his appellate rights under

2

18 U.S.C. § 3742 (2006). <u>United States v. Wiggins</u>, 905 F.2d 51, 53 (4th Cir. 1990). We review the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. <u>United States v. Blick</u>, 408 F.3d 162, 171 (4th Cir. 2005). An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. <u>Id.</u> at 169. "An appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision . . . during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotation marks omitted). Ultimately, however, the issue is "evaluated by reference to the totality of the circumstances." <u>United States v. General</u>, 278 F.3d 389, 400 (4th Cir. 2002).

Our review of the record persuades us that Brown knowingly and voluntarily waived his right to appeal his sentence. The waiver's language is clear and unambiguous, and Brown responded in the affirmative when the district court explicitly inquired at the guilty plea colloquy whether Brown understood that the plea agreement foreclosed a later appeal of his sentence unless the court imposed either an illegal sentence or a sentence predicated on an offense level above 34. The

district court did neither. Accordingly, we conclude the waiver is valid and enforceable and that Brown's challenge to his sentence falls within the scope of the waiver. The waiver thus precludes review of Brown's sentence. Accordingly, we grant the Government's motion to dismiss Brown's appeal to the extent it challenges his sentence.

Brown's remaining claims are not within the scope of the appellate waiver provision of his plea agreement. First, as to Brown's argument that the Government failed to adhere to its obligations under the plea agreement, we simply discern no such noncompliance.

Further, we decline on direct appeal to entertain Brown's assertions that his trial attorney afforded ineffective representation. Brown claims that his counsel erroneously assured him he would receive only the mandatory minimum ten-year sentence, misled him into pleading guilty because counsel failed to investigate the charges and was unprepared for trial, and did not sufficiently review the plea agreement with him, particularly the appellate waiver provisions and the negotiated base offense level. Brown also argues that such ineffective assistance undercuts the validity of his plea. Unless an attorney's ineffectiveness is conclusively apparent on the face of the record, however, ineffective assistance claims are not generally addressed on direct appeal. See United States v.

4

Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255 (West Supp. 2009)). Because we find the record in this case falls short of this exacting standard, we decline to address Brown's ineffective assistance of counsel claims on direct appeal.

Accordingly, we grant the Government's motion to dismiss, in part, and dismiss Brown's challenge to his sentence. We affirm the remainder of the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART