**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4651**

─────────

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

TERRY LAMONT COBB,

       Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:07-cr-01105-HMH-1)

─────────

Submitted:  October 19, 2009      Decided:  November 4, 2009

─────────

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

─────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────

Darren S. Haley, HALEY & PARKER, P.A., Greenville, South Carolina, for Appellant.  W. Walter Wilkins, United States Attorney, A. Lance Crick, Jimmie Ewing, Assistant United States Attorneys, Greenville, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Lamont Cobb pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). He received a 120-month sentence. On appeal, Cobb argues that the district court erred by improperly calculating his offense level and that counsel provided ineffective assistance at sentencing by failing to object to the improper calculation.

The Government has moved to dismiss the appeal, arguing it is barred by the appellate waiver included in the plea agreement. Cobb responds that because the district court failed to specifically question him about the appellate waiver during the Fed. R. Crim. P. 11 hearing, his guilty plea was not knowingly and voluntarily made. We disagree.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). We review the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appeal waiver is valid if the defendant knowingly and intelligently agreed to its terms. Id. at 169. "An appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning

2

the waiver provision . . . during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotation marks and citation omitted; emphasis added).

Ultimately, the validity of a plea waiver is "evaluated by reference to the totality of the circumstances." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). We have found that, when an appellate waiver is "unambiguous and . . . plainly embodied in the plea agreement," and the defendant is competent, represented by counsel, and questioned about whether he understands the provisions of the plea agreement, the defendant knowingly and intelligently waives his right to appeal his sentence, even where the waiver is not specifically mentioned at the Rule 11 hearing. General, 278 F.3d at 400-01.

Here, the Rule 11 hearing established that Cobb was forty-one years old and had completed high school. The language of the appellate waiver is clear and unambiguous--Cobb "waive[d] the right to contest either the conviction or sentence in any direct appeal or other post-conviction action," except for claims of ineffective assistance of counsel or prosecutorial misconduct. Cobb stated that he had adequate time to discuss his case with his attorney and that he was satisfied with

counsel's representation. Because nothing in the record indicates that Cobb failed to understand the full significance of the appellate waiver, we find that Cobb's decision to waive his right to appeal was both knowing and intelligent. Cobb's claim that the district court improperly calculated his base offense level falls squarely within the broad scope of the appellate waiver and is barred from review on appeal. Accordingly, we grant the Government's motion to dismiss in part, and dismiss the appeal to the extent Cobb challenges his sentence.

Cobb's second issue, that counsel was ineffective for failing to challenge the calculation of his base offense level, is not within the scope of the waiver, and we deny the motion to dismiss as to this claim. However, claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must ordinarily bring such claims in a 28 U.S.C.A. § 2255 (West Supp. 2009) motion, unless the appellate record conclusively establishes counsel's ineffectiveness. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). Because this appellate record does not conclusively establish that counsel was constitutionally ineffective in failing to

object to Cobb's base offense level, the claim is not subject to review on direct appeal.

Accordingly, we grant the Government's motion to dismiss in part and deny it in part. We dismiss the appeal of Cobb's sentence, and otherwise affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART
AND DISMISSED IN PART

5