**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5221**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DEVINO PATERA PUTNEY,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
Chief District Judge.  (4:08-cr-00038-FL-1)

Submitted:  March 26, 2010            Decided:  May 6, 2010

Before MICHAEL,[*] MOTZ, and AGEE, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Terry F. Rose, Smithfield, North Carolina, for Appellant.  Anne
Margaret Hayes, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

---

[*] Judge Michael was a member of the original panel but did
not participate in this decision.  This opinion is filed by a
quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devino Patera Putney pled guilty to conspiracy to distribute and possess with intent to distribute fifty or more grams of cocaine base, five or more kilograms of cocaine, and more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). The district court sentenced Putney to 235 months' imprisonment.

Putney appeals, challenging the three-level leadership enhancement imposed under the Sentencing Guidelines. The Government filed a motion to dismiss, asking this court to enforce the appellate waiver in Putney's plea agreement. Putney filed a response, arguing the waiver is invalid for two reasons: first, the sentence constitutes cruel and unusual punishment under the Eighth Amendment; and second, the waiver was involuntary and unknowing because Putney did not know what his Sentencing Guidelines calculation would be at the time of the plea.

A defendant may, in a valid plea agreement, waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). We review the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 171 (4th Cir.

2005). An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169.

To determine whether the waiver is knowing and intelligent, the court looks to "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if the district court fully questions the defendant about the waiver during the Rule 11 colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

We believe Putney's appeal waiver forecloses his claim that his sentence constitutes cruel and unusual punishment. Insofar as Putney now challenges the voluntariness of his plea, we also find his argument unavailing. The magistrate judge conducted a thorough plea colloquy, including a discussion of the appellate waiver. At sentencing, the district court referred to the waiver, and Putney did not challenge the voluntariness of his plea. Therefore, we find Putney's plea was voluntarily and intelligently made.

For the above reasons, we grant the Government's motion and dismiss Putney's appeal of his sentence. Insofar as Putney challenges his conviction, we affirm. We dispense with

4

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>