**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4421**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

TIMOTHY LEE SCAIFE, a/k/a Timothy John Scaife,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:09-cr-00376-REP-1)

———————

Submitted: December 7, 2010    Decided: January 5, 2011

———————

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

———————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————

Mark Diamond, Richmond, Virginia, for Appellant. Richard Daniel Cooke, Norval George Metcalf, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Lee Scaife pled guilty to one count of distribution of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B)(iii) (West 1999 & Supp. 2010). The district court sentenced Scaife to 235 months' imprisonment. Scaife asserts four issues on appeal: (1) the Fair Sentencing Act of 2010 should be applied retroactively to Scaife's sentence; (2) Scaife's sentence is substantively and procedurally erroneous; (3) the appellate waiver is unenforceable because his sentence resulted from ineffective counsel; and (4) the appellate waiver is unenforceable because Scaife was not aware of the sentence that would be imposed. The Government has moved to dismiss Scaife's appeal as barred by the appellate waiver clause in his plea agreement.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issues appealed are within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To

determine whether a waiver is knowing and intelligent, this court examines the background, experience, and conduct of the defendant. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Generally, if the district court fully questions a defendant regarding the waiver during the Fed. R. Crim. P. 11 plea colloquy, the waiver is both valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). Ultimately, however, the issue is "evaluated by reference to the totality of the circumstances." General, 278 F.3d at 400. "An appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision . . . during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotation marks omitted).

Our review of the record leads us to conclude that Scaife knowingly and voluntarily waived the right to appeal his conviction and sentence. Scaife's sentencing challenges fall within the scope of the waiver, and we grant the motion to dismiss and dismiss the appeal as to those claims.

We conclude, however, that Scaife's claim of ineffective assistance of counsel at sentencing is not within the scope of the waiver. See Blick, 408 F.3d at 171.

3

Therefore, we deny the motion to dismiss to the extent Scaife asserts this claim on appeal. However, the claim is not cognizable on direct appeal, as ineffective assistance does not conclusively appear on the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Scaife is free to assert these claims in a future 28 U.S.C.A. § 2255 (West Supp. 2010) motion if he so chooses. See United States v. Baptiste, 596 F.3d 214, 216-17 n.1 (4th Cir. 2010).

We therefore affirm Scaife's conviction and dismiss the appeal to the extent Scaife seeks to challenge his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART