<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

─────────────

**No. 09-4769**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

DERRICK LAMONT EVANS, a/k/a Shank, a/k/a Dechee Dan, a/k/a
Big Head, a/k/a Debo,

                Defendant - Appellant.

─────────────

**No. 09-5154**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

MARCUS ANDREW WATKINS, a/k/a Andrew Sparkz,

                Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Western
District of Virginia, at Abingdon.  James P. Jones, District
Judge. (1:08-cr-00024-jpj-pms-1; 1:08-cr-00024-jpj-pms-3)

─────────────

Submitted: December 20, 2011    Decided: January 24, 2012

─────────────

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

––––––––––––––––––

Sandra B. Jelovsek, Johnson City, Tennessee; Keith N. Hurley, KEITH N. HURLEY, P.C., Richmond, Virginia, for Appellants. Timothy J. Heaphy, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

––––––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lamont Evans and Marcus Andrew Watkins pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2006). The district court sentenced Evans to life imprisonment and sentenced Watkins to 240 months of imprisonment, and they now appeal. The Government has asserted the waiver of appellate rights contained in each Appellant's plea agreement with respect to their convictions. For the reasons that follow, we dismiss Evans' and Watkins' appeals of their convictions, vacate the sentences, and remand for resentencing.

On appeal, Evans argues that his guilty plea was not knowing and voluntary and Watkins argues that the district court erred in denying his motion to withdraw his guilty plea. Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. at 168.

3

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169 (citation omitted). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). We have thoroughly reviewed the record and conclude that Evans and Watkins pleaded guilty knowingly and voluntarily and that their appellate waivers are valid and enforceable. Moreover, the issue Watkins seeks to raise falls squarely within the scope of the appellate waiver.

Evans also raises two sentencing arguments on appeal and the Government has not sought enforcement of the waiver with respect to Evans' sentencing arguments, or with respect to Watkins' sentence. Therefore we will review the Appellants' sentences. Evans first argues that two of the convictions

4

listed in the 21 U.S.C. § 851 (2006) notice, and used to enhance the mandatory minimum for his offense to life imprisonment, were not felonies punishable by a term of imprisonment exceeding one year.[1] We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

Under 21 U.S.C. § 841(b)(1)(A) (2006), current version at 21 U.S.C.A. § 841(b)(1)(A) (West 2006 & Supp. 2011), a defendant is subject to a statutory mandatory minimum term of ten years of imprisonment unless he has sustained a prior conviction for a felony drug offense, in which case the statutory mandatory minimum becomes twenty years of imprisonment. The mandatory minimums sentence is raised to life

---

[1] Evans has not challenged on appeal whether the other conviction listed in the § 851 notice, for delivering cocaine, qualified as a felony drug offense.

5

imprisonment if the defendant has sustained two or more such prior convictions. A felony drug offense is defined in part as an "offense punishable by imprisonment for more than one year under any law . . . of a State." 21 U.S.C. § 802(44) (2006).

Here, two of Evans' prior convictions were for possession and possession with intent to distribute marijuana and possession of cocaine, Class I felonies under North Carolina law, and Watkins' conviction was for possession with intent to sell cocaine, a Class H felony. At the time of each of these state convictions, Evans' prior record level was not above IV and Watkins' prior record level was II; the sentencing court in each case found that Evans and Watkins should be sentenced within the presumptive range of the applicable sentencing table under N.C. Gen. Stat. § 15A-1340.17(c) (2007). Under North Carolina law, both Evans and Watkins faced maximum terms of imprisonment of ten months. See N.C. Gen. Stat. § 15A-1340.17(d) (2007). Therefore, neither Evans nor Watkins could have received a term of imprisonment exceeding twelve months for their prior convictions.

In United States v. Simmons, 648 F.3d 237 (4th Cir. 2011) (en banc), we determined that a prior offense is not punishable by a term exceeding one year of imprisonment if the defendant could not have actually received more than one year of imprisonment for that offense, based on his prior criminal

6

history and other factors. As Evans could not have received a term exceeding one year of imprisonment for either of the two challenged prior state offenses, he only had one qualifying predicate offense under § 841(b)(1)(A), not two or more. Because the advisory Guidelines range was determined based on the statutory mandatory minimum of life imprisonment rather than twenty years of imprisonment, see U.S. Sentencing Guidelines Manual § 5G1.1 (2010), Evans was sentenced based on an incorrect Guidelines calculation and an inapplicable statutory mandatory minimum.

In addition, as Watkins could not have received a term exceeding one year of imprisonment for his prior state offense, he did not have a qualifying felony under § 841(b)(1)(A). The statutory mandatory minimum, however, was based on the enhanced penalties that would have applied if Watkins had sustained a qualifying felony. Therefore, both Evans' and Watkins' sentences are procedurally unreasonable.[2]

Evans also argues that the district court violated his Sixth Amendment rights by finding that he was accountable for more than fifty grams of crack, thereby increasing the

---

[2] In so finding, we do not fault the experienced district judge, who relied upon then-binding unambiguous Circuit authority, which we subsequently disavowed in Simmons, in calculating the mandatory minimum sentences to which Evans and Watkins were subject.

7

applicable statutory minimum under § 841(b).  However, Evans admitted the threshold drug amount when he pleaded guilty to the indictment, charging him with conspiracy to possess with intent to distribute and distribute more than 500 grams of cocaine and more than fifty grams of crack.  See 21 U.S.C. § 841(b)(1)(A). Therefore, as Evans admitted the minimum quantity of drugs for which he was responsible, the court did not err in sentencing Evans in accordance with his guilty plea.

Accordingly, we dismiss Evans' and Watkins' appeals of their convictions, but vacate the sentences and remand for resentencing.  In light of our disposition regarding the Appellants' sentencing, we also grant the Government's motion to supplement the record and deny the motion to file a supplemental brief as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART,
VACATED IN PART,
AND REMANDED