**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-5044**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ANTHONY J. MARCANTONI, a/k/a Mr. Purple, a/k/a The Italian,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:10-cr-00777-RWT-15)

─────────────

Submitted:  April 10, 2014        Decided:  April 25, 2014

─────────────

Before MOTZ, KING, and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Robin M. Earnest, LAW OFFICE OF ROBIN EARNEST, Riverdale,
Maryland, for Appellant.  Mara Zusman Greenberg, Deborah A.
Johnston, Assistant United States Attorneys, Greenbelt,
Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony J. Marcantoni pleaded guilty to conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Marcantoni to 121 months of imprisonment. Marcantoni filed a timely notice of appeal. Five months later, Marcantoni filed a motion pursuant to 18 U.S.C. § 3504 (2012), to discover whether the Government had intercepted any communications between Marcantoni's counsel and counsel for his codefendants. The district court denied Marcantoni's motion and Marcantoni did not file a notice of appeal of that order. On appeal, Marcantoni argues that the district court erred in denying his motion. The Government has moved to dismiss the appeal based on the waiver of appellate rights contained in the plea agreement. For the reasons that follow, we affirm the judgment of the district court and deny as moot the motion to dismiss.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question of whether a defendant validly waived his right to

2

appeal is a question of law that this court reviews de novo. <u>Id.</u> at 168.

Here, the appellate waiver included any appeal of the conviction and sentence pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 (2012), except a sentence above the advisory Guidelines range. While we conclude that Marcantoni knowingly and intelligently agreed to waive his right to appeal, Marcantoni has not challenged his conviction or sentence on appeal. Rather, Marcantoni challenges only the district court's order denying his post-judgment motion pursuant to § 3504. As Marcantoni failed to file a notice of appeal of the district court's order denying his motion, however, that order is not before this court.

Accordingly, we affirm Marcantoni's conviction and sentence, and deny as moot the Government's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>