**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4222**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

        v.

ALBERT EUGENE HARDY, JR.,

                 Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:07-cr-00010-LHT-1)

Submitted:  November 6, 2009          Decided:  November 19, 2009

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Reita P. Pendry, Charlotte, North Carolina, for Appellant. Edward R. Ryan, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Eugene Hardy, Jr., appeals from his 168-month sentence, entered pursuant to his guilty plea to conspiracy to possess with intent to distribute crack cocaine. On appeal, he asserts that the district court erred in failing to provide individualized reasoning for the chosen sentence, as required by United States v. Carter, 564 F.3d 325 (4th Cir. 2009). The Government has raised Hardy's appellate waiver contained in his plea agreement. Finding that Hardy has waived consideration of the claim on appeal, we dismiss.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). See United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). We review the validity of an appellate waiver de novo and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appellate waiver is generally considered to be knowing and voluntary if the district court specifically questioned the defendant concerning the waiver provision during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver and was not denied effective assistance of counsel. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

2

During Hardy's Fed. R. Crim. P. 11 hearing, the district court specifically questioned Hardy about the appellate waiver and, after doing so, found that Hardy voluntarily and intelligently entered his plea. The record reveals nothing to suggest that the district court's finding was erroneous, and Hardy raises no claim to the contrary. Accordingly, the appellate waiver contained in Hardy's plea agreement is valid and enforceable. Moreover, Hardy's sole contention on appeal--that the district court erred in failing to properly explain the basis for his sentence--is foreclosed by his appellate waiver.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED