**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4453**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

BERNARD KEITH MARTIN,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Joseph R. Goodwin,
Chief District Judge.  (2:08-cr-00230-1)

———————

Submitted:  November 9, 2009      Decided:  November 20, 2009

———————

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

———————

John R. McGhee, Jr., KAY, CASTO & CHANEY, PLLC, Charleston, West
Virginia, for Appellant.  J. Christopher Krivonyak, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernard Keith Martin appeals his conviction, following his guilty plea to one count of aiding and abetting the possession with intent to distribute a quantity of oxycodone, in violation of 18 U.S.C. § 2 (2006) and 21 U.S.C. § 841(a)(1) (2006), and the 151-month sentence he received. Martin's attorney filed his appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring there are no meritorious issues for appeal, but asking this court to consider the district court's decision to sentence Martin within the sentencing range applicable to a career offender. The Government moves to dismiss the appeal on the basis of the waiver of appellate rights contained in Martin's plea agreement.

Martin filed a pro se supplemental brief in which he argues he received ineffective assistance of counsel because his attorney failed to properly advise Martin regarding the impact of accepting the guilty plea. For the reasons set forth below, we dismiss the appeal in part and affirm in part.

We first conclude that Martin has waived his right to appeal his sentence. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the

2

issue appealed is within the scope thereof.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver.  Id. at 169.  To determine whether a waiver is knowing and intelligent, this court examines the background, experience, and conduct of the defendant.  United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995).  Generally, if the district court fully questions a defendant regarding the waiver during the Fed. R. Crim. P. 11 plea colloquy, the waiver is valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). We have reviewed the record and conclude that Martin knowingly and intelligently entered into the plea agreement and understood the appeal waiver.

We further conclude the issue raised in counsel's Anders brief falls within the scope of the waiver.  The waiver provides that, save for an issue related to the determination of the Sentencing Guidelines range for which an objection was "properly preserved," Martin waived "his right to seek appellate review of any sentence . . . on any other ground, so long as that sentence is below or within the Sentencing Guideline range determined by the District Court prior to any departure or variance."

3

Although conceding at the sentencing hearing that he was properly classified a career offender under the Guidelines, Martin argued that he should be sentenced below the range resulting from the career offender designation. This, however, was not an objection to the district court's "determination of the Sentencing Guideline range," which is what was excepted from the appellate waiver. Accordingly, we conclude the appellate waiver bars Martin's claim that he was sentenced too harshly and thus grant in part the Government's motion to dismiss the appeal.

The appellate waiver does not, however, preclude us from considering Martin's claim that his attorney was ineffective for failing to explain that pleading guilty would foreclose appellate review of the district court's order denying his pre-trial motion to suppress. Nor does it foreclose our <u>Anders</u> review of Martin's Rule 11 hearing and conviction. Therefore, we deny the motion to dismiss in part.

Unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir. 2008); <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28

4

U.S.C. § 2255). The record as it exists now is insufficient to determine whether there is any basis for Martin's claim, and Martin's bare assertion regarding his attorney's performance, standing alone, is inadequate to carry his burden. Benton, 523 F.3d at 435. Accordingly, we decline to consider on direct appeal Martin's ineffective assistance of counsel claim.

We have examined the entire record in accordance with the requirements of Anders, including the integrity of the Rule 11 hearing, and have found no unwaived and meritorious issues for appeal. Accordingly, we grant the Government's motion to dismiss as to Martin's sentence, deny the motion as to Martin's conviction, and affirm Martin's conviction. Further, we deny counsel's motion to withdraw. This court requires that counsel inform Martin, in writing, of the right to petition the Supreme Court of the United States for further review. If Martin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART