**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4663**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

EVELIO ARROYO-DUARTE,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.   Samuel G. Wilson,
District Judge.  (5:06-cr-00050-sgw)

Submitted:  January 22, 2010         Decided:  February 26, 2010

Before NIEMEYER and MICHAEL, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Michael T. Hemenway, THE LAW OFFICES OF MICHAEL T. HEMENWAY,
Charlottesville, Virginia, for Appellant. Julia C. Dudley,
United States Attorney, Donald R. Wolthuis, Assistant United
States Attorney, Brandon Crook, Third Year Practice Law Student,
Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Evelio Arroyo-Duarte pled guilty to conspiracy to distribute and possess with intent to distribute more than fifty grams of methamphetamine and a measurable quantity of amphetamine, in violation of 21 U.S.C. § 846 (2006), distribution or possession with intent to distribute more than fifty grams of amphetamine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West Supp. 2009), distribution or possession with intent to distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West Supp. 2009), distribution or possession with intent to distribute amphetamine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West Supp. 2009), and possession of a firearm with a removed serial number, in violation of 18 U.S.C. § 922(k) (2006). The district court sentenced Arroyo-Duarte to 135 months' incarceration for the first four counts and 60 months for the fifth count, all to run concurrently.

On appeal, Arroyo-Duarte argues that the district court erred by denying his motion for a downward departure pursuant to 18 U.S.C. § 3553(f) (2006) and U.S. Sentencing Guidelines Manual § 5C1.2.1 (2008). The Government has moved to dismiss the appeal on the ground that Arroyo-Duarte knowingly and intelligently waived his right to appeal his sentence imposed under the Sentencing Guidelines.

2

A defendant may, in a valid plea agreement, waive the right to appeal. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Any such waiver must be made by a "'knowing and intelligent decision to forgo the right to appeal.'" United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (quoting United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994)). Whether a defendant has effectively waived his right to appeal is an issue of law this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appellate waiver is generally considered to be knowing and voluntary if the district court specifically questioned the defendant concerning the waiver provision during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver and was not denied effective assistance of counsel. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Our review of the record leads us to conclude that Arroyo-Duarte knowingly and voluntarily entered into the plea agreement and thus his appellate waiver is valid and enforceable.

The plea agreement provided that Arroyo-Duarte waived his right to a jury trial and any claims of ineffective assistance of counsel known by him and not raised at the time of sentencing. Further, the agreement stated:

3

> I agree that after my full and fair sentencing hearing, I will not then appeal any sentencing guidelines factors or the Court's application of the sentencing guidelines factors to the facts of my case. I am knowingly and voluntarily waiving any right to appeal sentencing guidelines factors, and am voluntarily willing to rely on the Court in sentencing me under the Sentencing Guidelines.

Arroyo-Duarte argues on appeal that the district court erred by denying his motion for a downward departure pursuant to the safety valve provisions of 18 U.S.C. § 3553(f) and USSG § 5C1.2. Arroyo-Duarte argues that USSG § 5C1.2 provides eligibility to a defendant who, among other factors, was not an "organizer, leader, manager, or supervisor of others" in a criminal offense involving five or more participants, and his offense involved fewer than five. To the extent that Arroyo-Duarte contests the district court's application of USSG § 5C1.2, his waiver forecloses his argument on appeal.

To the extent that this argument is a challenge to the application of a statute and not a Guidelines determination, the district court did not err in denying the motion for a downward departure. The legislative limitation on the applicability of statutory mandatory minimums in certain cases, generally referred to as the "safety valve" provision, directs district courts in limited circumstances to impose a sentence pursuant to the Sentencing Guidelines regardless of any statutory mandatory minimum sentence. See 18 U.S.C. § 3553(f).

4

This subsection can only apply where, among other factors, "the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise." § 3553(f)(4). Under this section, the term "organizer, leader, manager, or supervisor of others" includes any defendant who received an adjustment for an aggravated role under USSG § 3B1.1. USSG § 5C1.2, comment. (n.5).

Arroyo-Duarte did, in fact, receive an adjustment under USSG § 3B1.1(c). Arroyo-Duarte stipulated to this adjustment in his plea agreement. "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." USSG § 3B1.1, comment. (n.2). Therefore, contrary to Arroyo-Duarte's argument, a defendant found to be in charge of simply one other participant is ineligible for the safety valve application. Because Arroyo-Duarte does not dispute that he supervised at least one other participant, and indeed stipulated to an aggravated role adjustment under USSG § 3B1.1, he does not satisfy the requirements of 18 U.S.C. § 3553(f). Accordingly, the district court properly denied its application.

In his brief, Arroyo-Duarte additionally contends that the plea agreement did not preclude him from requesting application of the safety valve provision, and the district court erred in requiring him to withdraw his guilty plea in order to argue for the safety valve application. Because the district court correctly interpreted the plea agreement as precluding application of the safety valve, it was not error to require Arroyo-Duarte to choose between proceeding in conformity with the terms of the agreement or withdrawing the agreement entirely.

Accordingly, we grant the Government's motion to dismiss in part as to the claims raised under the Sentencing Guidelines, and deny the Government's motion to dismiss in part and affirm the sentence as to Arroyo-Duarte's statutory claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>

6