**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4845**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARVIN EARL DANIELS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.   Louise W. Flanagan,
Chief District Judge.   (4:09-cr-00026-FL-1)

Submitted:  April 1, 2010              Decided:  May 26, 2010

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Ann Margaret Hayes, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Earl Daniels pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term exceeding one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Daniels to 158 months of imprisonment and Daniels now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one sentencing issue but stating that there are no meritorious issues for appeal. Daniels was informed of his right to file a pro se supplemental brief, but did not do so. The Government has filed a motion to dismiss Daniels' appeal of his sentence based on Daniels' waiver of his right to appeal. For the reasons that follow, we dismiss the appeal of Daniels' sentence and affirm his conviction.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To determine whether a waiver is knowing and intelligent, this

2

court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). We have reviewed the record and conclude that Daniels knowingly and intelligently entered into the plea agreement and waived his appellate rights.

Accordingly, Daniels waived the right to appeal his sentence and we thus grant the Government's motion to dismiss the appeal of Daniels' sentence. We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm Daniels' conviction. This court requires that counsel inform Daniels, in writing, of the right to petition the Supreme Court of the United States for further review. If Daniels requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion

3

must state that a copy thereof was served on Daniels. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART