**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4370**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

FAYE DENISE HEGGINS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
Chief District Judge.   (5:10-cr-00119-D-1)

Submitted: November 3, 2011         Decided: November 17, 2011

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Jennifer P. May-Parker, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Faye Denise Heggins appeals her convictions, following her guilty plea to two counts of fraud and false statements in a tax return, in violation of 26 U.S.C. § 7206(1), (2) (2006), and the twenty-four-month sentence she received. Heggins' attorney filed this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no meritorious issues for appeal, but questioning the substantive reasonableness of Heggins' sentence. Although advised of her right to file a pro se supplemental brief, Heggins has not done so. The Government has moved to dismiss the appeal on the basis of the waiver of appellate rights contained in Heggins' plea agreement. We grant the Government's motion to dismiss and dismiss the appeal of Heggins' sentence, and we affirm her convictions.

We first conclude that Heggins has waived her right to appeal her sentence. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To

2

determine whether a waiver is knowing and intelligent, this court examines the background, experience, and conduct of the defendant. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Generally, if the district court fully questions a defendant regarding the waiver during the Fed. R. Crim. P. 11 plea colloquy, the waiver is both valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The record establishes that the district court fully discussed the terms of the waiver and questioned Heggins to ensure her understanding of those terms. Accordingly, we conclude that Heggins knowingly and intelligently entered into the plea agreement and understood the waiver. See United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

We next consider whether Heggins' challenge to the substantive reasonableness of her sentence falls within the scope of the waiver. According to the plea agreement, Heggins waived the right "to appeal whatever sentence is imposed," save for a sentence in excess of the Guidelines range determined at sentencing. (J.A. 11).[*] The twenty-four-month sentence Heggins received was within her Guidelines range. Accordingly, we conclude the waiver bars appellate review of the substantive

---

[*] Citations to "J.A." refer to the joint appendix submitted by the parties.

3

reasonableness of Heggins' sentence, and thus grant the Government's motion to dismiss the appeal of Heggins' sentence.

The appellate waiver does not, however, preclude appellate review of Heggins' convictions. Although no challenge to Heggins' convictions is raised, because this case is before us pursuant to Anders, we have reviewed the Rule 11 hearing and discern no infirmity in that proceeding. Accordingly, we affirm Heggins' convictions.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We thus grant the Government's motion to dismiss as to Heggins' sentence and affirm Heggins' convictions. This court requires that counsel inform Heggins, in writing, of the right to petition the Supreme Court of the United States for further review. If Heggins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Heggins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4