**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 11-7401**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIAM HARRY MEYER,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence. Terry L. Wooten, District Judge.
(4:07-cr-01181-TLW-1)

───────────────

Submitted: March 27, 2012        Decided: April 2, 2012

───────────────

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────────

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

───────────────

Daniel A. Juengel, FRANK, JUENGEL & RADEFELD, P.C., St. Louis,
Missouri, for Appellant. William E. Day, II, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Harry Meyer pled guilty, pursuant to a written plea agreement, to transferring obscene material to a minor under the age of sixteen, in violation of 18 U.S.C. § 1470 (2000). The district court imposed the statutory maximum sentence of 120 months' imprisonment. On appeal, Meyer argues that: (1) his trial counsel was constitutionally ineffective; (2) the appellate waiver in his plea agreement is unenforceable; and (3) the district court abused its discretion by imposing an unreasonable sentence.

The Government seeks to enforce the appellate waiver provision of the plea agreement and has moved to dismiss Meyer's appeal. In response, Meyer asserts that the appellate waiver does not preclude claims of ineffective assistance of counsel, the Government waived assertion of the waiver by failing to object when the district court instructed Meyer that he had a right to appeal after imposing his sentence, and Meyer did not knowingly and voluntarily waive his right to appeal.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and

citation omitted). We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, this court will "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." Id. (internal quotation marks and citation omitted).

Although the district court mistakenly told Meyer "You do have the right to appeal" after imposing his sentence, this statement does not nullify the valid waiver contained in his plea agreement. The court specifically questioned Meyer regarding the waiver provision numerous times during the Fed. R. Crim. P. 11 plea colloquy. Meyer, a fifty-seven-year-old man with a bachelor's degree, indicated that he had reviewed the

3

appellate waiver with his attorney, understood it, and did not have any questions. Thereafter, the court permitted Meyer's counsel additional time to discuss the waiver provision with his client, and questioned whether Meyer understood the waiver provision a second time. Meyer responded that he understood. We therefore conclude that Meyer knowingly and intelligently waived his right to appeal his sentence. Accordingly, Meyer's challenge to his sentence falls within the scope of the waiver and may not be reviewed by this court.

Meyer also asserts that his trial counsel provided ineffective assistance by failing to ascertain his relevant conduct, failing to explain the effect his relevant conduct would have on his Guidelines range, and failing to preserve his right to appeal his sentence. Claims of ineffective assistance of counsel fall outside the scope of the appellate waiver provision, and we deny the motion to dismiss as to these claims. However, as a general rule, claims of ineffective assistance of counsel should be raised in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion rather than on direct appeal, unless the appellate record conclusively demonstrates ineffective assistance. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Because the record here does not establish that counsel was constitutionally ineffective, these claims are not subject to review on direct appeal.

Accordingly, we grant the Government's motion to dismiss in part and deny it in part. We dismiss the appeal of Meyer's sentence and otherwise affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART