**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4248**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CHESTER LAMAR WHEELESS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:13-cr-00238-F-1)

_____

Submitted:  November 20, 2014       Decided:  December 9, 2014

_____

Before KING, DUNCAN, and FLOYD, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chester Lamar Wheeless pleaded guilty to obstruction of commerce by robbery, in violation of 18 U.S.C. § 1951 (2012), and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012). The district court sentenced Wheeless to 141 months of imprisonment and he now appeals. For the reasons that follow, we dismiss the appeal.

On appeal, Wheeless argues that the district court plainly erred in failing to provide him an opportunity to withdraw his guilty plea after rejecting one of the non-binding Guidelines stipulations in the plea agreement. The Government has asserted that Wheeless' appellate waiver in the plea agreement bars review of this claim.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. at 168.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right

to appeal." <u>Id.</u> at 169.  Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable.  <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005); <u>United States v. Wessells</u>, 936 F.2d 165, 167-68 (4th Cir. 1991).  We have thoroughly reviewed the record and conclude that Wheeless knowingly and intelligently agreed to waive his right to appeal and that the issue Wheeless seeks to raise on appeal falls squarely within the scope of the appellate waiver.

Accordingly, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>DISMISSED</u>