**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4342

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SUZANNE ADIYEH,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:20-cr-00074-TSK-MJA-20)

Submitted:  January 23, 2025                                   Decided:  January 28, 2025

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Tracy Weese, Shepherdstown, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Suzanne Adiyeh appeals her conviction and the 78-month sentence imposed after she pled guilty, pursuant to a plea agreement, to aiding and abetting the maintenance of a drug-involved premises, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 856(a)(2). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that counsel has found no potentially meritorious issues for appeal, but suggesting that the district court did not sufficiently analyze the 18 U.S.C. § 3553(a) factors before the court denied Adiyeh's motion for downward variant sentence. Adiyeh has not filed a pro se supplemental brief, despite receiving notice of her right to do so. In its response brief, the Government asks, in part, that the court dismiss the appeal based on the appellate waiver in Adiyeh's plea agreement. As explained below, we dismiss in part and affirm in part.

We first conclude that Adiyeh has waived her right to appeal her conviction and sentence. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742. *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. *Id.* at 169. "To determine whether a defendant knowingly and voluntarily agreed to waive h[er] appellate rights, we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of h[er] plea agreement and its terms." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023).

2

"Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Based on the totality of circumstances in this case, we conclude that Adiyeh knowingly and voluntarily entered her guilty plea and understood the waiver.

We further conclude that Adiyeh's challenge to her sentence falls within the scope of the waiver. According to the plea agreement, Adiyeh waived her right to appeal her "conviction and any sentence that has a base offense level of . . . []26[] or lower," save for exceptions inapplicable here. *United States v. Adiyeh*, No. 1:20-cr-00074-TSK-MJA-20 (N.D. W. Va., PACER No. 824 at 5). Accordingly, we conclude that the waiver bars appellate review of the reasonableness of the imposed sentence, which is at the bottom of Adiyeh's correctly calculated Sentencing Guidelines range premised on a base offense level of 26.

We therefore grant, in part, the Government's request to dismiss, and dismiss the appeal as to all issues within the scope of the broad appeal waiver. In accordance with our obligations under *Anders*, we have reviewed the entire record for any potentially meritorious issues that fall outside the scope of the appellate waiver and have found none. Accordingly, we deny the Government's request as to any issues beyond the scope of the appeal waiver and affirm the criminal judgment in part.

At this juncture, we also deny counsel's motion to withdraw from further representation of Adiyeh. Rather, this court requires that counsel inform Adiyeh, in writing, of her right to petition the Supreme Court of the United States for further review.

3

If Adiyeh requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Adiyeh. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*