**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4619

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL ELIAZAR RAMOS ROSA, a/k/a Jay,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, District Judge. (3:24-cr-00002-GMG-RWT-1)

Submitted: July 24, 2025                                      Decided: July 28, 2025

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant. Kimberley DeAnne Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Eliazar Ramos Rosa appeals his conviction and the 327-month sentence imposed after he pled guilty, pursuant to a plea agreement, to coercion and enticement, in violation of 18 U.S.C. § 2422(b). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that he has found no potentially meritorious issues for appeal, but suggesting that Ramos Rosa's plea was neither knowing nor voluntary and that the imposed sentence is unreasonable. Ramos Rosa has not filed a pro se supplemental brief, despite receiving notice of his right to do so. The Government has moved to dismiss the appeal based on the appellate waiver in Ramos Rosa's plea agreement and as untimely. As explained below, we dismiss in part and affirm in part.

We conclude that Ramos Rosa has waived his right to appeal his conviction and sentence. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742. *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). "Where, as here, the United States seeks enforcement of an appeal waiver, and there is no claim that the United States breached its obligations under the plea agreement, we will enforce the waiver" so long as "the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005) (internal citations omitted).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to it. *Id.* at 169. "To determine whether a defendant knowingly and voluntarily agreed to waive his appellate rights, we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its

2

terms." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Based on the totality of circumstances in this case, we conclude that Ramos Rosa knowingly and voluntarily entered his guilty plea and understood the waiver.

We further conclude that Ramos Rosa's challenge to his sentence falls within the scope of the waiver. According to the plea agreement, Ramos Rosa waived his right to appeal his "conviction on any ground whatsoever" and "whatever sentence is imposed." *United States v. Ramos Rosa*, No. 3:24-cr-00002-GMG-RWT-1 (N.D. W. Va., PACER No. 53 at 4). Accordingly, we conclude that the waiver bars appellate review of the imposed sentence.

We therefore grant, in part, the Government's motion and dismiss the appeal as to all issues within the scope of the broad appeal waiver. In accordance with our obligations under *Anders*, we have reviewed the entire record for any potentially meritorious issues that fall outside the scope of the appellate waiver and have found none. Accordingly, we deny the Government's motion as to any issues beyond the scope of the appeal waiver and affirm the criminal judgment, in part.[*] We deny Ramos Rosa's motion to appoint new counsel.

---

[*] Because we may decide Ramos Rosa's appeal without considering its timeliness, *see United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009) (holding that the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing (Continued)

3

This court requires that counsel inform Ramos Rosa, in writing, of his right to petition the Supreme Court of the United States for further review. If Ramos Rosa requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ramos Rosa. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

rule), we need not resolve the Government's argument that the notice of appeal was not timely filed.